ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| MILAGROS AMALIA VILLEGAS RIVERA<br><br>Demandante - Recurrida<br><br>v.<br><br>JUAN RIVERA BURGOS Y OTROS<br><br>Demandados - Peticionarios | TA2026CE00163 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Comerio<br><br>Caso Núm.: CR2023CV00192<br><br>Sobre: Acción Reivindicatoria |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de febrero de 2026.

Comparece la parte peticionaria del epígrafe y nos solicita la revocación de la *Resolución* emitida y notificada el 12 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Comerío.[1] En el aludido dictamen, luego de evaluar la oportuna *Moción en solicitud de relevo de representación legal y en reconsideración de sentencia* de la parte recurrida del título,[2] el foro primario dejó sin efecto su *Sentencia*,[3] mediante la cual desestimó sin perjuicio la causa de acción de autos, por incumplimiento de sus órdenes. En el ejercicio de su discreción, el tribunal *a quo* consideró que debió haber "impuesto sanciones económicas directamente al abogado de la parte demandante por este incumplimiento en primer lugar antes de decretar la desestimación". Luego de aceptar la nueva representación legal de la parte recurrida,[4] señaló una vista a celebrarse el 17 de marzo de 2026.[5] Ello, a los fines de dirimir el caso en sus méritos.

---

[1] Entrada 89 de Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Entrada 83 SUMAC.
[3] Entrada 81 SUMAC.
[4] Entradas 88 y 90 SUMAC.
[5] Entrada 93 SUMAC. La vista pautada para el 5 de febrero de 2026 fue cancelada por razones de salud de la representación legal de la parte peticionaria; véase, entrada 92 SUMAC.

Inconforme, los peticionarios instaron el presente recurso discrecional de *certiorari*,[6] al que unieron una *Moción en auxilio de la jurisdicción de este honorable tribunal para que ordene la paralización de la vista señalada para el 17 de marzo de 2026.* Resolvemos.

Ponderado el expediente de autos y a tenor de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, según enmendado, pág. 15, 215 DPR __ (2025), determinamos prescindir del escrito en oposición. En el ejercicio de nuestra discreción, al palio de los criterios esbozados en la Regla 40 de nuestro Reglamento, *supra,* denegamos expedir el recurso del epígrafe y decretamos No Ha Lugar la petición de paralización.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Los peticionarios arguyeron los siguientes errores:

**PRIMER ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CON LUGAR LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA EL 10 DE DICIEMBRE DE 2025 Y DEJAR SIN EFECTO LA SENTENCIA DE 4 DE DICIEMBRE DE 2025, POR SER CONTRARIO A LOS REQUISITOS DE LA REGLA 47 DE PROCEDIMIENTO CIVIL, INCURRIENDO EN UN EJERCICIO ERRADO DE DISCRECIÓN JUDICIAL Y UNA ACTUACIÓN CONTRARIA A DERECHO.

**SEGUNDO ERROR**: ERRÓ EL TPI AL DEJAR SIN EFECTO LA DESESTIMACIÓN DEL CASO, SUSTENTADO EN QUE DEBIERON IMPONERSE SANCIONES ECONÓMICAS ANTES DE DECRETAR LA DESESTIMACIÓN, A PESAR DE HABERSE CUMPLIDO EL PROCESO ESCALONADO EXIGIDO POR LA REGLA 39.2 DE PROCEDIMIENTO CIVIL Y LA JURISPRUDENCIA.

**TERCER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL OMITIR ADJUDICAR LA SOLICITUD EXPRESA DE HONORARIOS DE ABOGADO POR TEMERIDAD INCURRIENDO EN UN EJERCICIO ERRADO DE SU DISCRECIÓN JUDICIAL.